2011 UT App 80

**STATE of Utah, Plaintiff and Appellee,**

v.

**Stacey Lynn BRADFORD, Defendant and Appellant.**

**No. 20090849–CA.**

Court of Appeals of Utah.

March 17, 2011.

Michael J. Boyle, Ogden, for Appellant.

Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Stacey Lynn Bradford appeals her conviction entered on September 9, 2009. This matter is before the court on the State's motion to summarily dismiss the appeal. Bradford did not oppose the motion. We dismiss the appeal.

¶ 2 A fugitive places himself beyond the reach of the judicial system and any ruling cannot be enforced against him. *See State v. Tuttle,* 713 P.2d 703, 704 (Utah 1985). Thus, an appellate court should dismiss a criminal appeal if the defendant becomes a fugitive while the appeal is pending. *See id.* However, if the fugitive later returns to custody, the appeal "may be reinstated unless the State can show that it has been prejudiced by the defendant's absence and the consequent lapse of time." *Id.* at 705.

¶ 3 Bradford filed a timely notice of appeal. During the pendency of her appeal, Bradford violated the terms of her probation and became a fugitive. As a fugitive, Bradford has placed herself beyond the reach of the judicial system and her appeal should be dismissed. *See id.*

¶ 4 Accordingly, the appeal is dismissed.[1]

---

1. Bradford may seek reinstatement of her appeal if she returns to custody. *See Tuttle,* 713 P.2d at 705.